NOT DESIGNATED FOR PUBLICATION

No. 121,311

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEONTA MAURICE MULLENS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Shawnee District Court; MARK S. BRAUN, judge. Opinion filed April 10, 2020.
Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN AND POWELL, JJ.

PER CURIAM: Deonta Mullens appeals the district court's decision to send him to prison after he violated several conditions of his probation. But the district court granted probation as a result of a downward departure, so it had discretion to revoke probation and impose his underlying prison sentence rather than giving him another chance at probation. When a decision is within the district court's discretion, we generally can reverse only if no reasonable person would agree with the decision. Here, the court had given Mullens second and third chances at probation after previous violations, so a reasonable person could agree with the court that Mullens was not taking these opportunities seriously and was not a good candidate for continued probation. We therefore affirm the district court's judgment.

1

ANALYSIS

On appeal, Mullens argues that the district court abused its discretion by revoking his probation and imposing his underlying prison sentence rather than giving him sanctions and another chance at probation. The legal rules applicable to that argument are straightforward. A district court's decision to revoke probation must be based on a factual finding that the defendant violated a condition of probation. Once a violation has been established, the decision to revoke probation is within the discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); see *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001).

That discretion is limited by the statute governing probation revocation. At the time of Mullens' revocation, that statute required that the district court impose intermediate sanctions before ordering the defendant to serve the underlying prison term. K.S.A. 2018 Supp. 22-3716(b)-(c). But that wasn't required in some cases—for example, when the district court granted probation as a result of a dispositional departure. K.S.A. 2018 Supp. 22-3716(c)(9)(B). That's what happened here: although the presumed punishment for Mullens' crime under the sentencing guidelines was imprisonment, the judge granted probation instead.

Since Mullens was granted probation as a result of a downward departure, the district court didn't have to impose any intermediate sanctions, and we review its decision to revoke Mullens' probation for abuse of discretion. Unless the district court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the district court. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017).

Mullens has not alleged that the district court's decision was based on a factual or legal error. So he must show that the decision was unreasonable. But this was his third

violation. He had violated probation twice in less than a year for not reporting to his probation officer or providing a current address and for using drugs. The district court could have revoked probation for either violation; it imposed intermediate sanctions instead and gave Mullens a second and third chance at succeeding on probation. When Mullens' admitted to a third violation for similar conduct, a reasonable person could agree with the district court that he wasn't taking these chances seriously and wasn't a good candidate for continued probation. So we find no abuse of discretion in the district court's decision to revoke Mullens' probation and impose his 41-month prison sentence.

On Mullens' motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision to revoke Mullens' probation.

We affirm the district court's judgment.